NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERHAWI G. GEBRETADKAN, | No. 20-70014 |
| Petitioner, | Agency No. A215-546-757 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 8, 2021
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and CORKER,** District Judge.

Merhawi Gebretadkan, a citizen of Ethiopia, petitions for review of a decision

by the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration

Judge (IJ) order denying his claims for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand.

The BIA based its dismissal of petitioner's appeal on the IJ's adverse credibility determination, affirming that finding on four grounds while explicitly disclaiming reliance on the IJ's additional reasoning. Our review is limited to those grounds upon which the BIA relied. *Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019). Although "[w]e review factual findings, including adverse credibility determinations, for substantial evidence," *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020), the agency must provide "specific and cogent reasons" when finding an applicant not credible, *id.* (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010)). "[B]are speculation, without other support in the record, cannot properly form the basis of an adverse credibility finding." *Arrey v. Barr*, 916 F.3d 1149, 1161 (9th Cir. 2019). The four grounds on which the BIA relied do not meet these standards.

*First*, the BIA found implausible petitioner's testimony that he did not seek medical treatment following his 2015 beating and his year-long detention. But this finding rests on speculation, as there is no indication that petitioner needed medical treatment on either occasion. After his 2015 beating, petitioner's injuries consisted only of "slight wounds on [his] legs and body" and "bruises," and he was able to drive away from the scene. Furthermore, although the IJ found that petitioner

2

suffered abuse while imprisoned in Jail Ogaden, the record is silent as to petitioner's physical condition after his escape from detention, except that he appears to have been in sufficiently healthy condition to have made the escape. The record does not indicate when petitioner sustained injuries in custody relative to his escape. It was thus again speculative for the IJ to conclude that petitioner needed medical attention at the time of his escape.

*Second*, the BIA found that petitioner's testimony lacked detail about his time in Djibouti. But any lack of detail is not a basis for denying relief "when [the applicant] was not given notice that he should provide such information, nor asked at the hearing to do so, either by the IJ or by counsel for the [government]." *Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir. 1999); *see also Iman*, 972 F.3d at 1066 ("Because the government did not press [the petitioner] for any additional details about [a particular event,] it is unclear what further detail [the petitioner] should have provided."). At petitioner's hearing, the government's counsel asked petitioner only a few questions about his time in Djibouti, which petitioner answered. The IJ did not ask for any further details. Thus, any claimed lack of detail here cannot form the basis of the agency's adverse credibility finding.

*Third*, the BIA affirmed the IJ's finding that it was implausible for petitioner, after his escape, to have lived in Djibouti for a year on his savings. But this conclusion is also speculative. *See Arrey*, 916 F.3d at 1161. Petitioner testified that

his mother sent him funds through the truck drivers that petitioner knew from his prior job and who had smuggled him out of the country.  Petitioner also claimed to have worked for ten years while in Ethiopia.  Nothing in the record suggests that petitioner could not have supported himself on his savings during his time in Djibouti, nor does the record reveal petitioner's standard of living during that time.

*Finally*, the BIA found inconsistent petitioner's statements about whether he applied for immigration relief in Colombia.  However, it is not apparent that petitioner's three statements were inconsistent.  *See Shrestha*, 590 F.3d at 1044 ("[A]n IJ should consider . . . record evidence that sheds light on whether there is in fact an inconsistency at all.").  Petitioner's statements on April 10, 2018, and April 24, 2018, consistently indicated that the wait in Columbia for immigration relief was too long, and any potential inconsistency between the two statements depends on what petitioner meant by "applying for relief," an issue the IJ did not probe further.  Petitioner's testimony before the IJ was not necessarily inconsistent with his two previous statements either, because the IJ included in his questioning whether petitioner had applied for asylum, and petitioner had not clearly indicated before that he had.

Moreover, to the extent petitioner's testimony was inconsistent, petitioner explained that he had not made the April 10 statement attributed to him.  The IJ evidently disbelieved that explanation but gave no reason for doing so.  *See Rizk v.*

4

*Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (holding that an IJ must "provide[] a specific, cogent reason for disbelieving the alien's rationalization" of an apparent inconsistency). To the extent the IJ and BIA discounted petitioner's explanation because they regarded him as generally not credible, that determination is not supported by substantial evidence for the reasons given.[1]

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[1] The BIA also denied CAT relief at least in part on the basis of the adverse credibility determination. It is not clear from the BIA decision whether it treated other grounds as sufficient for denial of that claim. Under these circumstances, we remand the CAT claim to the agency as well.